**Eric A. FORETICH, et al., Plaintiffs,**

**v.**

**LIFETIME CABLE, et al., Defendants.**

**Civ. A. No. 90–0796.**

United States District Court,
District of Columbia.

Nov. 7, 1991.

Elaine Mittleman, Falls Church, Va., for plaintiff Eric Foretich.

Nathan Lewin, Stephen L. Braga and Douglas F. Curtis, Miller, Cassidy, Larroca & Lewin, Washington, D.C., for plaintiff Hilary Foretich.

Lee Levine, James E. Grossberg, Sharon R. Vinick and Leslie S. Ahari, Ross, Dixon & Masback, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

Plaintiff Eric Foretich filed this suit on April 5, 1990 on behalf of himself and his daughter, Hilary, and promptly sought a temporary restraining order to prevent the defendants from broadcasting a documentary called "Hilary in Hiding." Hilary Foretich has been the central subject in a longstanding custody dispute between her parents, Eric Foretich (the other plaintiff in this action) and Elizabeth Morgan, that is still pending in Superior Court for the District of Columbia. "Hilary in Hiding" is a television production about Hilary's life. The documentary includes a scene where Hilary purportedly demonstrated, using anatomically correct dolls, how her father allegedly sexually abused her.

Because it appeared to the Court that there was a conflict of interest between plaintiffs Eric Foretich and Hilary Foretich, the Court appointed a guardian ad litem to represent Hilary Foretich in this suit.[1] After hearing a number of witnesses and arguments from both sides, this Court granted a temporary restraining or-

der prohibiting the showing of that section of the broadcast that depicted the alleged sexual abuse. This Court's decision was later overturned by the Court of Appeals. The documentary was then broadcast multiple times, and both plaintiffs now seek compensatory and punitive damages for invasion of their privacy.

Defendants have filed a Motion To Dismiss or For Partial Summary Judgment. They seek to have the complaint filed on behalf of Hilary Foretich dismissed or in the alternative, to have summary judgment against her in favor of the defendants. Argument was heard from all parties on October 16, 1991. The Court has entertained all the arguments presented at that time and in subsequent written submissions and will now rule on the Motion. Defendants base their argument for dismissal on three grounds. I will address each of them.

### A. *Diversity Jurisdiction*

Defendants claim that this Court lacks subject matter jurisdiction over the suit brought by Hilary Foretich because they allege that Hilary is a United States citizen who is presently domiciled abroad in New Zealand. Therefore, they argue the case does not fall within the four corners of the diversity statute, 28 U.S.C. § 1332.[2]

Hilary is a citizen of the United States and of the District of Columbia. The fact that Hilary was secretly whisked away from her District of Columbia domicile in defiance of an order entered by the Superior Court for the District of Columbia, *see* CA No. D–684–83, p. 15–16, Dft.Ex. B, does not deprive her of the rights she retains as a citizen of the District of Columbia and the United States. To hold otherwise would turn the law on its head. This child

---

1. A different guardian ad litem, Ms. Linda Holman, has been appointed to represent Hilary in the Superior Court matter. Ms. Holman has been present for proceedings in this court and her views have been heard in this case.

2. The statute reads as follows:
   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
   (1) citizens of different States;
   (2) citizens of a State and citizens or subjects of a foreign state;
   (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties

   . . . .

has done nothing to deny her access to the courts of the land of her birth and citizenship since the requisite diversity of citizenship exists. This Court retains subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

### B. *Discretion under Federal Rule of Civil Procedure 17(c)*

■ Defendants next ask this Court to exercise its discretion and withdraw its appointment of a guardian ad litem for Hilary Foretich. They claim that any further litigation is not in Hilary's best interest and that defendants will be prejudiced if Hilary does not participate in the suit. The Court does not accept this argument.

The Court has discretion under Federal Rule of Civil Procedure 17(c) to appoint a guardian ad litem for a minor child "as it deems proper for the protection of the infant...." Hilary is a minor child. She was a minor when the suit was filed and when the tape was broadcast. Her guardian ad litem believes this suit has been brought to protect her interest. That belief is enough to allow her to maintain her lawsuit. Defendants' argument that they will be prejudiced by Hilary's absence from the case is speculative and need only be addressed if and when her presence in court becomes an issue.[3] The Court will address that issue at the appropriate time. Accordingly, the Court does not believe that defendants will be prejudiced at this juncture by the fact that Hilary is out of the country.

The Court has heard from the guardian ad litem appointed by the Superior Court to represent Hilary in the custody matter and is satisfied that its continued appointment of Mr. Nathan Lewin as guardian ad litem in this action is in Hilary's best interest. Should it prove advisable as this action proceeds, the Court has the authority to take appropriate actions to protect Hilary Foretich's best interests. Until that time, it ill behooves the defendants to make an impassioned plea on behalf of Hilary's interests. Defendants' claim that the dismissal of the action would actually be beneficial to Hilary and would protect her privacy ignores the fact that it was defendants who decided to include in their broadcast the most intimate details of this young girl's life. Defendants did so after they had been requested not to proceed with the offending segment of their broadcast. It is not for the defendants but rather for the guardian ad litem to argue on Hilary's behalf, and this Court is satisfied that this action can go forward giving adequate protection to Hilary's present privacy interests and appropriate legal scrutiny to the question of whether any past incursions of her privacy interests have occurred.

### C. *Availability of a Claim for Invasion of Privacy and Intentional Infliction of Emotional Distress*

Defendants argue finally that as a matter of law, Hilary Foretich cannot make a claim for invasion of privacy because (1) her alleged abuse was a matter of legitimate public concern; (2) her graphic description of her alleged abuse was already a public fact; and (3) consent was given for the defendants to broadcast this videotape. These are issues which must await a trial of this action.

■ To make a successful claim for invasion of privacy[4] based on publication of private facts in the District of Columbia, a plaintiff must prove the elements set forth in *Wolf v. Regardie*, 553 A.2d 1213, 1220 (D.C.App.1989). There must be a public airing of certain previously private facts which the public has no legitimate interest in viewing. The broadcast must be found to be highly offensive to a reasonable per-

---

3. Plaintiff's guardian ad litem has stated in his papers that he intends to prove the elements of the tort through experts and other witnesses. He does not anticipate needing Hilary's participation. *See Plaintiff Hilary Foretich's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss or for Summary Judgment* at 20.

4. The Court of Appeals noted in its opinion that invasion of privacy is not one tort, but four. 553 A.2d at 1216–17. The one defined in *Wolf* and most directly implicated in Hilary Foretich's claim is publication of private facts.

son of ordinary sensibilities, and the plaintiff must be found not to have waived her privacy rights.

■ Defendants argue that as a matter of law, plaintiffs will not be able to prove some of these elements. At this point in the litigation, the Court does not find that any of the elements in this case cannot be met. The Court acknowledges that the sexual abuse of children is an issue worthy of public attention, but it does not believe, as a matter of law, that the specific facts about the alleged abuse of this one particular child, Hilary Foretich, as described by the child on the videotape in question are of legitimate public concern. The legitimacy of public interest does, however, remain open as a factual question.

Defendants' argument to the contrary, the depiction on the videotape of Hilary's account of what happened to her raises the issue of whether the account remained a private fact until it was broadcast. And regarding the element of waiver or consent, there is a genuine issue of fact remaining as to whether consent was given for broadcast.

In short, Hilary Foretich when she was seven years old had what appear to be very intimate details about her personal life broadcast around the globe. She will have to live for many years with whatever consequences that broadcast may have caused, good or ill. Her interests may well have been harmed, and at the minimum she is entitled to go forward with a suit brought by her guardian ad litem to determine whether she is entitled to any relief. She should not be precluded from having her claim heard based on the record as it now stands.

Having given due consideration to each of the points made by the defendants, it is hereby

ORDERED that defendants' motion is denied.